**STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS**

**State of West Virginia,
Plaintiff Below, Respondent**

**vs.) No. 20-0128** (Kanawha County 19-F-67)

**Todd Wayne Boyes,
Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Todd Wayne Boyes, by counsel Michael D. Payne, appeals the January 27, 2020, order of the Circuit Court of Kanawha County sentencing him to a determinate five-year-term of incarceration for his conviction of one count of escape from a jail. The State of West Virginia, by counsel Mary Beth Niday, filed a response in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in denying his motions for judgment of acquittal and for a new trial.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

While housed as a pre-trial felony inmate at the South Central Regional Jail ("SCRJ"), petitioner walked out of the facility without being legally released on October 25, 2017.[1] Once the jail's staff discovered that petitioner had escaped, his name was entered into the National Crime Information Center to alert law enforcement in other states of his escape. On October 27, 2017, petitioner was arrested and extradited to West Virginia, where he was reincarcerated.

In February of 2019, the grand jury indicted petitioner on one count of escape from a jail, and the circuit court held a trial over the course of two days. The State called Sergeant Johnathan

---

[1]Petitioner was charged with attempted murder and fleeing from an officer with reckless indifference.

1

Vandal, the Supervisor with the housing unit at SCRJ. He testified that petitioner was lawfully detained at the SCRJ pursuant to a magistrate court jail commitment order entered on February 28, 2017. On October 25, 2017, petitioner left the facility in the early morning hours. According to Sergeant Vandal, petitioner's door to his pod (unit) failed to close due to "negligent, incompetent, or compromised staff." Sergeant Vandal confirmed that sensors to the doors to these areas were supposed to alert correctional officers that they were not secured shut. Sergeant Vandal stated that petitioner wore khaki pants when he escaped—the uniform worn by kitchen worker trustees and that petitioner was not a trustee. He also stated that petitioner wore a blue pullover, which was not issued to any inmates for any reason. Sergeant Vandal could not explain why petitioner wore these clothes rather than standard issued orange uniforms. He testified that when jail staff receive a release order for an inmate, they inform the inmate of the release and that inmate gathers his personal belongings from his cell and is taken to booking where he is processed for release. Through this witness, the State admitted a video and pictures into evidence showing a man alleged to be petitioner wearing the above described clothing and walking past the control room, being buzzed out of the gate, and walking through the gate. Sergeant Vandal identified petitioner as the man in the video and images.

Next, the State called Senior West Virginia State Police Trooper Tiffany Huffman who investigated petitioner's alleged escape. She testified that petitioner was lawfully committed to the SCRJ for felony charges of attempted murder and fleeing from an officer with reckless indifference. She also stated that petitioner was found and arrested in Laredo, Texas, attempting to cross the border into Mexico on October 29, 2017. She explained that after conducting interviews of witnesses and reviewing video footage of petitioner leaving the jail, she charged him with escape. Trooper Huffman stated that "it was apparent that [petitioner] had obtained casual clothing and disguised himself as [a] counselor, or a lawyer, or someone that was not an inmate, to allow him to walk out of the facility."

After the close of the State's evidence, petitioner moved for judgment of acquittal arguing that the video and pictures did not clearly depict him as the man leaving the secured corridor. He further argued that no evidence had been presented that he, in fact, escaped from the jail and that the evidence showed that SCRJ staff instead released him from the jail. In response, the State argued that petitioner had been lawfully confined at SCRJ and that his unlawful release was an escape. The court denied the motion, and petitioner presented his evidence in defense. Correctional Officer Pam McNeely testified that she mistakenly buzzed the gate open and allowed petitioner to exit while filling in at SCRJ. This shift was her second time working at SCRJ, and she did not know the staff, the inmates, the medical personnel, counselors, or the trustees. She explained that inmates either wore standard orange or banana yellow for work clothes. She stated that petitioner "more or less looked like somebody that worked there" and that at the facility where she normally works, the counselors and medical staff wore "clothes just like that" referring to petitioner's khaki pants and blue zip-up pullover. She identified petitioner as the man in the video whom she mistakenly buzzed out of the gate. She further stated that the usual custom for inmates' releases required documentation, booking, and to be escorted out of the building. At the close of arguments, petitioner renewed his motion for judgment of acquittal, and the circuit court denied the same finding that the jury should decide the ultimate issue of whether petitioner was released or had escaped. The jury deliberated for several hours and could

not reach a verdict. The circuit court then gave them an Allen Charge,[2] and ultimately the jury convicted petitioner of escaping from a jail.

In early January of 2020, petitioner renewed his motion for judgment of acquittal and moved for a new trial, which was addressed at his sentencing hearing in January of 2020. Ultimately, the circuit court denied the motions and sentenced petitioner to a determinate five-year-term of incarceration. Petitioner now appeals the circuit court's January 27, 2020, sentencing order.

On appeal, petitioner argues that the circuit court abused its discretion when it denied his motions for judgment of acquittal and for a new trial as the evidence was clear that he "did not escape from SCRJ, but instead was released." According to petitioner, he was accidentally "let out" of the jail, and he did not escape. Petitioner contends that the jury deliberated for over four hours and could not agree on a verdict until it received an *Allen* charge from the court to spur a verdict. Accordingly, the jury was "deeply divided," and as a result the verdict should have been set aside, and the Court should remand the matter to the circuit court to either acquit petitioner of the charges or grant him a new trial.[3]

"The Court applies a de novo standard of review to the denial of a motion for judgment of acquittal based upon the sufficiency of the evidence." *State v. Juntilla*, 227 W. Va. 492, 497, 711 S.E.2d 562, 567 (2011) (citation omitted). Moreover,

> [t]he function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable

---

[2]"'The *Allen* charge, often called the dynamite charge, is a supplemental instruction given to encourage deadlocked juries to reach agreement.' Franklin D. Cleckley, *Handbook on West Virginia Criminal Procedure*, Vol. II, page 257 (2nd Ed.1993). The name for this particular instruction originated from the case of *Allen v. United States*, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896)."

*State v. Waldron*, 218 W. Va. 450, 460 n.11, 624 S.E.2d 887, 897 n.11 (2005).

[3]We note that in his appellate brief, petitioner failed to argue how the circuit court erred in denying his motion for a new trial and appears to lump the denial of this motion with that of the motion for judgment of acquittal. However, petitioner failed to cite to a single case or to the appendix record in support of this argument, flesh out any arguments specific to the motion for a new trial, and only mentions the granting of a new trial in his requested relief. His arguments overall relate only to his motion for judgment of acquittal which is addressed more fully below. Therefore, we do not find that this issue is sufficiently presented as an assignment of error to be addressed in this appeal.

to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.

Syl. Pt. 1, *State v. Guthrie*, 194 W. Va. 657, 461 S.E.2d 163 (1995). Further,

[a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt.

*Id*. at 663, 461 S.E.2d at 169, Syl. Pt. 3, in part; *see also State v. Boyd*, 238 W. Va. 420, 431, 796 S.E.2d 207, 218 (2017) ("'[I]t is now well recognized and firmly settled that proof of guilt may be established by circumstantial evidence . . . .'" (quoting *State v. Bailey*, 151 W. Va. 796, 804, 155 S.E.2d 850, 855 (1967))).

In viewing the evidence in the light most favorable to the prosecution, the jury could conclude that petitioner escaped from SCRJ. West Virginia Code § 61-5-10 provides in relevant part:

Whoever escapes or attempts to escape by any means from the custody of . . . the director of the regional jail authority, . . . [an] employee of the division of corrections . . . or from any institution [or] facility . . . by which he or she is lawfully confined, if the custody or confinement is by virtue of a charge or conviction for a felony, is guilty of a felony and, upon conviction thereof, shall be confined in a correctional facility for not more than five years[.]

The uncontroverted evidence below was that on October 25, 2017, petitioner was an inmate in the lawful custody of the director of the SCRJ for felony charges pursuant to a magistrate court jail commitment order. Additionally, there was uncontroverted evidence that petitioner was found missing during an inmate count the next day. During the investigation, video footage showed a man dressed in khaki pants and a dark blue pullover top being buzzed through a gate and ultimately leaving the jail through the front door. The State provided at least two witnesses who identified petitioner as the inmate in the video wearing casual clothes, including the correctional officer who mistakenly opened the gate and allowed him to leave. The State also proved that petitioner's exit from the jail did not follow normal lawful release protocol for inmates as there was no release order, petitioner was not processed through booking, and petitioner was not escorted by a correctional officer. The evidence clearly showed that petitioner disguised himself by wearing casual clothes rather than prisoner issued orange or yellow attire in order to escape the jail. Thus, after viewing the evidence in the light most favorable to the

prosecution, we find that the jury could have found the essential elements of the crime of escape proved beyond a reasonable doubt.

For the foregoing reasons, the circuit court's January 27, 2020, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: August 27, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison

**DISSENTING:**

Justice William R. Wooton would place this matter on the Rule 19 Argument Docket.